ELLEN G. MARR, EXECUTRIX, PLAINTIFF IN ERROR, v. INHABITANTS OF THE TOWNSHIP OF BLOOMFIELD, DEFENDANT IN ERROR.

Argued December 5, 1899—Decided March 5, 1900.

1. The provision of the act of March 21st, 1867, entitled "An act to establish a system of public instruction," which makes it "the duty of the township collector of each township to receive and hold in trust all school moneys belonging to the township" and to disburse the same, does not impose upon the person holding the office of collector the performance of a duty which is outside of those which he is required to perform *as collector*—it ingrafts an additional duty upon the office itself.

2. The act of March 14th, 1879 (*Pamph. L.*, *p.* 219), which authorizes certain of the townships of the state to compensate their collectors by the payment of an annual salary in lieu of fees, was not repealed by the amendment of May 25th, 1894, to the "Act to establish a system of public instruction."

On writ of error to the Essex Circuit Court.

For the plaintiff in error, *Edwin A. Rayner* and *Frank E. Bradner.*

For the defendant in error, *Colie & Swayze.*

The opinion of the court was delivered by

GUMMERE, J. The plaintiff in this suit is the executrix of A. C. Marr, deceased, who was the collector of the township of Bloomfield for two years, from May 1st, 1894, to May 1st, 1896. As such collector he was paid an annual salary of $1,200 for each of those years. The claim now advanced by his executrix is that, in addition to his annual salary, he was entitled to be paid certain fees for services rendered by him during his term of office in collecting and disbursing the school moneys of the township.

This claim is resisted by the township, on the ground that the annual salary received by plaintiff's decedent was in full

compensation for all services rendered by him as township collector. The defendant had judgment in the court below, and that judgment the plaintiff now seeks to reverse. The determination of the rights of the parties to this controversy depends upon the construction to be given to the various statutes regulating the subject.

Until the year 1879 the several township collectors were paid for the performance of their official duties by fees. Their duties were varied and numerous, having been imposed from time to time by different legislative enactments. One of the duties which these officials are required to perform was created by an act of the legislature passed in 1867, entitled "An act to establish a system of public instruction." By the seventy-eighth section of that statute it was declared that it should be " the duty of the township collector of each township to receive and hold in trust all school moneys belonging to the township, or to any of the districts thereof, and to pay out the same," &c. Compensation for the performance of this duty was provided in the shape of a percentage of three-fourths of one per cent. on all school funds received or paid out by him. *Pamph. L.* 1867, *p.* 379.

By an act passed March 14th, 1879, the legislature provided for a change in the method of compensating the officers of those townships of the state having a population of five thousand or more, and enacted that it should be lawful for the committees of such townships to fix, by ordinance, the annual salary and compensation to be paid to their respective officers. *Pamph. L.* 1879, *p.* 219, § 1 ; *Gen. Stat., p.* 3597, § 102.

By the authority conferred by this legislation the township committee of the township of Bloomfield passed an ordinance which, among other things, fixed the salary of its collector at $1,200 per annum, which ordinance was in force during the whole of Marr's term of office.

That the effect of the act of 1879, and of the ordinance passed pursuant thereto, was to substitute an annual salary in place of the fees which the collector had been theretofore

entitled to receive as compensation for the performance of his official duties, is not denied by the plaintiff. But it is argued on her behalf that her testator, in collecting and subsequently distributing the school funds of the township, performed a duty which was "*outside of* and *in addition to*" his official duties as collector of the township. This argument, however, entirely disregards the language of the provision of the act of 1867, which imposes this duty. It is "that it shall be the duty of the township collector," &c. This is not a mere *designation of the person* who shall perform the duty—it is the ingrafting of the duty upon the office itself.

The plaintiff further claims that, by virtue of an act passed May 25th, 1894, entitled "An act to amend an act entitled 'An act to establish a system of public instruction,'" &c. (*Gen. Stat., p.* 3057, § 243), the system of compensating the township collector of Bloomfield township was modified and his right to retain a percentage of the school moneys was re-established. This contention can only be sustained upon the theory that the act of 1894 repealed that of 1879 so far as the latter statute authorized the townships embraced in its provisions to provide for the payment of annual salaries to the collectors as compensation for the performance of their official duties.

The act appealed to is an amendment to that section of the statute of 1867 which imposes upon township collectors the duty of receiving and distributing school moneys and fixes the fees to be paid as compensation for that service. That feature of the section remains unaltered by the amendment. The only changes made in the section as originally passed are, first, that the percentage of school moneys allowed to be retained by the township collectors, instead of being fixed at three-fourths of one per cent. of all moneys received and disbursed, is fixed at one and a half per cent. of all moneys disbursed ; and second, that where there is a borough in a township and said borough is a separate and distinct school district, the borough collector instead of the township collector shall collect and disburse the school moneys and be entitled to the compensation provided for such service.

The act contains no express repealer of the statute of 1879, nor do we think that it repeals the earlier statute by necessary implication. At the time of the passage of the amendment two methods of compensating township collectors, for their services in receiving and disbursing school funds, prevailed. In those townships which had a population of five thousand or more, and whose committees had taken advantage of the act of 1879, compensation was made in the shape of an annual salary. In those townships which had a population of five thousand or more, but which had not taken action under the statute of 1879, and in all townships having a smaller population than that designated, compensation was made in the manner provided by the legislation of 1867. The object which the legislature sought to accomplish by the amendment of 1894 to the act of 1867 was not the re-establishment of old methods of compensation in those townships which had taken advantage of the act of 1879. The sole purpose of the amending statute, as it seems to us, was to make more plain the amount of compensation which those township collectors who were paid by fees were entitled to retain for receiving and disbursing school moneys (by altering the phrase " three-fourths of one per cent. on all school funds received and paid out by him," so that it reads " one and one-half per cent. on all school funds paid out by him "), and further, to make provision in certain cases for the receipt and disbursement of school funds by borough instead of by township collectors.

The ordinance of the township of Bloomfield, which provides for the payment to the township collector of an annual salary in compensation for the performance of all official duties, being authorized by the statute of 1879, and that legislation not having been affected by the amendment to the act for the establishment of a system of public instruction, passed in 1894, it follows that the claim sued upon is without legal foundation.

The judgment of the Circuit Court should be affirmed, with costs.

*For affirmance* — THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 13.

*For reversal*—None.